IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02020-BNB

DARREN J. GARCIA, a/k/a Marrissa,

    Plaintiff,

v.

DENVER SHERIFF PRESS LIA[IS]ON, Unknown,
DENVER POLICE PRESS LIA[IS]ON, Unknown, and
ADAMS COUNTY POLICE LIA[IS], Unknown,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Darren J. Garcia, a/k/a Marrissa, is currently detained in the Denver County Jail. Mr. Garcia initiated this action by filing a Letter with the Court on August 1, 2012. In response to the Court's August 2, 2012 Order Directing Plaintiff to Cure Deficiencies, Plaintiff filed a Prisoner Complaint on August 16, 2012 pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting an alleged deprivation of his constitutional rights. Mr. Garcia has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and has paid an initial partial filing fee.

    The Court will construe the Complaint liberally because Garcia is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. **See Hall**, 935 F.2d at 1110.

    The Court has reviewed the Complaint and has determined that it is deficient. Mr. Garcia alleges that he is a transsexual and that unidentified employees of the

Denver Sheriff's Department are "not respecting" his "real" gender. Compl., at 3 of 11. Plaintiff further asserts that he has been harassed and bullied by Denver police officers and Adams County sheriff's deputies because he is a transsexual. *Id.* at 4, 8.

The Complaint is deficient because Mr. Garcia fails to allege facts that demonstrate how each of the named Defendants participated in a deprivation of his constitutional rights. Plaintiff is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, the general rule that **pro se** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby**

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In order to state a claim in federal court, Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition to alleging specific facts regarding each Defendant's personal participation, Mr. Garcia also must present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.  In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Finally, Mr. Garcia has made allegations against certain unidentified police officers in the body of his Complaint who are not named as Defendants in the caption. Plaintiff may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights.  However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.  In addition, if Plaintiff intends to name these individuals as Defendants, he must include them in the caption and allege facts in the amended complaint to show that each one personally participated in the deprivation of his constitutional rights.  Accordingly, it is

ORDERED that Plaintiff, Darren Garcia, a/k/a Marrissa, **within thirty (30) days from the date of this Order,** an amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this Order within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED September 18, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge